**Jose Luis LOPEZ–CASTREJON; Maria Silvia Carrillo Santoyo, Petitioners,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 06–72553.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2007 **.

Filed Dec. 28, 2007.

Jose Luis Lopez–Castrejon, Santa Maria, CA, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Manuel A. Palau, Lisa M. Arnold, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and HAWKINS, Circuit Judges.

## MEMORANDUM ***

Jose Luis Lopez–Castrejon and his wife Maria Silvia Carrillo Santoyo seek review of an order of the Board of Immigration Appeals ("BIA") upholding an immigration judge's ("IJ") order denying their application for cancellation of removal. We dismiss the petition for review.

We lack jurisdiction to review the BIA's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003).

To the extent petitioners contend the IJ violated their due process rights by disregarding their evidence of hardship, this contention is not supported by the record and does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

**PETITION FOR REVIEW DISMISSED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).